Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7476 | **DATE** | November 24, 2010 |
| **CASE TITLE** | United States of America ex rel. Ramesh Swamynathan (R-30533) vs. Illinois | | |

**DOCKET ENTRY TEXT**

The petitioner's motions for leave to proceed *in forma pauperis* (Doc [3]), and appointment of counsel (Doc [4]), are denied without prejudice. The petitioner is directed to submit a renewed IFP petition that is certified by a trust fund officer and that reflects the current balance in the petitioner's prison trust fund account. Failure to comply [or, in the alternative, to pay the $5.00 filing fee] within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the petitioner with a blank IFP petition along with a copy of this order. Warden Nedra Chandler of the Dixon Correctional Center is substituted as respondent in place of the People of the State of Illinois.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    Ramesh Swamynathan, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for first degree murder imposed by the Circuit Court of Lake County, Illinois. Pending before the Court is petitioner's motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. No. 3), and motion for appointment of counsel. (Dkt. No. 4).

    Petitioner's motion for leave to proceed IFP (Dkt. No. 3), is denied without prejudice. The Clerk has accepted the petitioner's *pro se* submissions for docketing pursuant to Fed. R. Civ. P. 5(e) even though they were not submitted in compliance with the rules of this Court and federal statutes. An incarcerated person seeking leave to proceed IFP must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. *See* 28 U.S.C. § 1915(a)(2). In the case at bar, the petitioner's IFP petition is not certified, does not show the petitioner's trust account balance, and is not accompanied by copies of his prison trust fund ledgers.

    If the petitioner wants to proceed with this lawsuit, he must submit a certified IFP petition showing his current trust account balance. The Clerk will provide the petitioner with a blank IFP application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $5.00 required for habeas cases] within thirty days of the date of this order will result in summary dismissal of this suit. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

    Petitioner's motion for appointment of counsel (Dkt. No. 4), is denied without prejudice. Counsel is traditionally appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice

| STATEMENT |
|---|

require appointment of counsel in this case cannot be determined at this time.

On the Court's own motion, petitioner's present custodian, Nedra Chandler, Warden, Dixon Correction Center, is substituted in place of the named respondent People of the State of Illinois. *See Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005) (explaining that warden of prison where petitioner is incarcerated is the proper respondent).

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

In summary, the petitioner's motions for leave to proceed *in forma pauperis* (Dkt. No. 3), and appointment of counsel (Dkt. No. 4), are denied without prejudice. The petitioner is directed to submit a renewed IFP petition that is certified by a trust fund officer and that reflects the current balance in the petitioner's prison trust fund account. Failure to comply [or, in the alternative, to pay the $5.00 filing fee] within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide the petitioner with a blank IFP petition along with a copy of this order. Warden Nedra Chandler of the Dixon Correctional Center is substituted as respondent in place of the People of the State of Illinois.