# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7476 | **DATE** | January 7, 2011 |
| **CASE TITLE** | United States of America ex rel Ramesh Swamynathan (R30533) vs. Warden Nedra Chandler | | |

**DOCKET ENTRY TEXT**

Petitioner's motion to proceed *in forma pauperis* (Dkt. No. [6]) is granted   The respondent is ordered to answer the petition or otherwise respond within thirty days of the entry of this order.

■[ For further details see text below.]                                                                                    Docketing to mail notices.

## STATEMENT

Petitioner Ramesh Swamynathan, identified as Illinois Department of Corrections Prisoner R30533, filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Pending before the Court is Petitioner's renewed motion for leave to proceed *in forma pauperis* (Dkt. No. 6), and an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The  having shown that he is indigent, his motion for leave to proceed *in forma pauperis* (Dkt. No. 6) is granted.

Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that Petitioner is not entitled to relief. If the petition is not dismissed, then the Court orders respondent to answer or otherwise respond to the petition. Plaintiff alleges a number of federal constitutional claims that can be cognizable under 28 U.S.C. § 2254. Additionally, the Court cannot conclude that the petition plainly appears to be untimely or that any claims are procedurally defaulted. The Court shall leave it to respondent to raise any affirmative defenses he desires. Accordingly, the respondent is ordered to answer or otherwise respond to the petition within thirty days.

Although Petitioner has raised a number of claims that could be cognizable in a habeas corpus proceeding, the petition may be untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that district court has discretion to raise *sua sponte* potential statute of limitations issue). Petitioner pled guilty to first degree murder in the Circuit Court of Lake County in 2004. *Illinois v. Swamynathan*, 923 N.E.2d 276, 279 (Ill. 2010). He did not bring a direct appeal and did not move to withdraw his guilty plea until 2006. *Id*. The state courts treated this motion as a post-conviction petition. *Id*. at 280. Thus, it appears that Petitioner

| STATEMENT |
|---|

allowed more than one-year to lapse following his sentencing before bringing his post-conviction petition. However, as the Court cannot definitively conclude that the petition is untimely, it shall leave the issue to respondent to explore further if he so chooses. *See Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005) (citing *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004)) ("Expiration of statute of limitations is [an] affirmative defense.")).

The Court also notes that Petitioner states in his present federal habeas petition that he has a pending state successive post-conviction petition. (Dkt. No. 1 at 4). A prisoner must fully exhaust his claims in the state courts by presenting the operative law and facts supporting his federal claims through one full round of state court review including in a petition for leave to appeal in the Supreme Court of Illinois. *Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009). This Court may not grant a writ of habeas corpus unless Petitioner has exhausted his available state court remedies. 28 U.S.C. § 2254(b)(1). In light of the exhaustion requirement, the one-year statute of limitations, 28 U.S.C. § 2244(d), and the prohibition on second or successive federal habeas corpus petitions except in very limited circumstances, 28 U.S.C. § 2244(b), Petitioner should investigate whether a protective stay in this proceeding is appropriate while he litigates his apparently pending successive post-conviction proceeding. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). As neither party has moved for either a stay or a dismissal without prejudice for failure to exhaust available state court remedies at this time, the Court shall order respondent to respond to the petition. Either party may move for a stay or a motion to dismiss for failure to exhaust available state court remedies if he believes such a motion is appropriate.

The Petitioner is reminded to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The Petitioner must provide the Court with the original plus a Judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Office of the Illinois Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the Petitioner .

In summary, Petitioner's motion to proceed *in forma pauperis* (Dkt. No. 6), is granted. The respondent is ordered to answer the petition or otherwise respond within thirty days of the entry of this order.