UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel., <br> RAMESH SWAMYNATHAN <br> <br> Petitioner, <br> <br> vs. <br> <br> Nedra Chandler, Warden,, <br> Dixon Correctional Center <br> <br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 10 C 7476 |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Respondent Nedra Chandler's ("Chandler") motion to dismiss Petitioner Ramesh Swamynathan's ("Swamynathan") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(d). For the reasons stated below, the motion is granted.

## BACKGROUND

On May 27, 2004, an Illinois trial court sentenced Swamynathan to twenty years in prison for first-degree murder. Almost two years later, on April 13, 2006, Swamynathan filed a motion to withdraw his guilty plea and vacate his sentence. The trial court noted that Swamynathan's motion to withdraw the guilty plea was untimely

and re-characterized his motion as a post-conviction petition. The trial court dismissed Swamynathan's post-conviction petition and an Illinois appellate court and the Illinois Supreme Court affirmed. The United States Supreme Court denied Swamynathan's petition for a writ of certiorari. On November 16, 2010, Swamynathan filed a habeas petition with this Court. On February 7, 2011, Chandler filed a motion to dismiss Swamynathan's petition and requested that this Court decline to issue a certificate of appealability.

## DISCUSSION

### I. This Court Dismisses Swamynathan's Untimely Petition

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). This one-year period begins on the date the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.[1] 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the time a properly filed

---

[1] Section 2244(d) provides that the one-year period begins upon the latest of: (A) the date the judgment became final by the conclusion of direct review or the expiration of time for seeking such review; (B) the date on which an impediment to filing created by state action in violation of the United States Constitution or laws is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (D) the date on which the factual predicate of the claim presented could have been discovered with due diligence. Only subsection A is relevant in this case.

application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Chandler argues that this Court should dismiss Swamynathan's petition as untimely because Swamynathan submitted his petition after the expiration of the limitations period in Section 2244(d)(1)(A). Under Section 2244(d)(1)(A), Swamynathan's petition was due one year from the day his judgment became final. The Illinois trial court sentenced Swamynathan on May 27, 2004. Swamynathan's opportunity to file a direct appeal ended thirty days later. Ill. Sup. Ct. R. 604(d) (defendant's time to appeal expires thirty days after sentencing unless he or she files a motion to withdraw the guilty plea and vacate the judgment). Because the time to appeal expired, Swamynathan's judgment became final thirty days after he was sentenced, on June 26, 2004. 28 U.S.C. § 2244(d)(1)(A). Swamynathan's habeas petition was due one year later, on June 26, 2005. 28 U.S.C. § 2244(d)(1)(A). Nearly a year after the deadline for a habeas petition, in April 2006, Swamynathan filed a motion in state court to withdraw his guilty plea and vacate his sentence, which the trial court later re-characterized as a post-conviction petition. The Seventh Circuit has specifically held that a state proceeding is irrelevant, and does not toll or re-start the AEDPA filing period, if the state proceeding begins after the expiration of the one-year period in Section 2244(d)(1)(A). *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir.

2009). Thus, Swamynathan's habeas petition, filed in 2010, is untimely because the one-year filing period expired in 2005 and the filing of the state post-conviction petition did not restart the filing period. Accordingly, this Court dismisses Swamynathan's untimely habeas petition.

## II. This Court Declines to Issue a Certificate of Appealability

According to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [petitioner]." A district court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Specifically, when a district court denies a habeas petition on procedural grounds, the petitioner must satisfy two threshold inquiries and show that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court addresses only the second threshold inquiry. Swamynathan cannot show that reasonable jurists would find the correctness of this Court's procedural ruling debatable. As discussed above, a federal statute procedurally bars Swamynathan's untimely habeas petition. Because Swamynathan cannot satisfy the second inquiry, this

Court need not address the first. *Id.* at 485 (encouraging courts to first resolve procedural issues and restrain from unnecessarily resolving constitutional questions). This Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, this Court grants Chandler's motion to dismiss Swamynathan's petition for writ of habeas corpus and declines to issue a certificate of appealability.

_____
Charles P. Kocoras
United States District Judge

Dated: April 18, 2011